IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30317
Summary Calendar
_____

MULK RAJ DASS,

                                        Plaintiff-Appellant,

versus

JOHN B.Z. CAPLINGER; CHRIS SALE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1971
- - - - - - - - - -

January 20, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Mulk Raj Dass, federal prisoner # 97129-012, appeals the
district court's dismissal of his Bivens[**] claims under 28 U.S.C.
§ 1915A(b)(1).  Dass contends that the district court erred in
holding that Heck v. Humphrey, 512 U.S. 477, 487 (1984), rendered
some of his claims premature.  Dass argues that the defendants'
misrepresentations to him regarding the issuance of a bond
violated his constitutional rights.  He argues that the

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**]  Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

conditions in the Tulsa County Jail constituted cruel and unusual punishment.  Dass contends that his detention was not justified under former 8 U.S.C. § 1252(a) and that his transfer to Oklahoma without a hearing violated Fed. R. Crim. P. 40(a).  Dass also argues that the district court erred in holding that his claims, alleging constitutional violations  occurring between March 1995 and December 1995, had prescribed.

In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 486-87 (footnote omitted).  A federal prisoner's Bivens action is subject to the rule enunciated in Heck.  Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994).  If a plaintiff's successful pursuit of a civil rights claim challenges the validity of his criminal conviction, and the plaintiff cannot show that such conviction has been reversed, invalidated, or otherwise set aside, the court may properly dismiss the civil rights claim as frivolous.  Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995) (42 U.S.C. § 1983 complaint).  However, if a successful civil rights claim will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other

bar to the suit.  Id.  Because Dass's civil rights claims, if successful, would not demonstrate the invalidity of any criminal judgment against Dass, the claims are not premature under Heck.

The conduct underlying Dass's civil rights claims occurred between March and December 1995, and Dass did not file his civil rights complaint until October 1, 1997.  The federal courts look to state law to determine the applicable limitations or prescriptive period for a Bivens claim.  Spina v. Aaron, 821 F.2d 1126, 1128-29 (5th Cir. 1987).  The applicable prescriptive period in Louisiana is one year.  Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989).  Because Dass did not file his suit within one year from the alleged acts underlying his claims, his claims have prescribed.  See Elzy, 686 F.2d at 794-95.

AFFIRMED.